UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MARIO LAVADENZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RUSS DAVIS,<br><br>　　　　　Respondent. | CASE NO. CV 10-5762-GAF (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION<br>SHOULD NOT BE DISMISSED |

　　　On August 3, 2010, Petitioner filed a Petition for Writ of Habeas Corpus, challenging a 2008 conviction for possession of marijuana for sale. (Petition at 2 and attached page.) According to the Petition, he pled guilty to the offense and received a 60-day jail sentence and three years of probation. (Petition at 2.) In the Petition, he claims that he received ineffective assistance of counsel. (Petition, attached page.)

　　　As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas

petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

In his Petition, Petitioner does not allege that he has presented his ineffective assistance of counsel claims for relief to the California Supreme Court--or any California appellate court, for that matter. Further, a check of the California Appellate Courts' website does not show any filings by Petitioner in the California Supreme Court. Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

1    IT IS THEREFORE ORDERED that, no later than September 23, 2010,
2 Petitioner shall inform the Court in writing why this case should not
3 be dismissed for failure to exhaust. Failure to timely file a
4 response will result in a recommendation that this case be dismissed.

6    DATED:    August 23, 2010.

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\LAVADENZ, E 5762\OSC dismiss pet.wpd

3